Good morning. Good morning, Your Honors. May it please the Court. My name is Molly Carlin. I'm an Assistant Federal Public Defender in the District of Arizona, and I represent Mr. Tony Powell. And I'd like to reserve two minutes. Okay. You have a soft voice, so get close to the mic and keep your voice up there. Thank you. Thank you. Now, Mr. Powell stands potentially alone among petitioners who filed 2255 motions that were dismissed on procedural grounds. That's because of the fact that he's a member of the House of Representatives.       Those other petitioners can file in the sentencing court a motion for relief under 60B, and if certain conditions materialize, presumably those motions will be granted. And if they're not, they can appeal from those denials. Mr. Powell uniquely has no such remedy. He has no— Counsel, you have a very short amount of time, so I'd like to jump in with a question that I have. The law has changed, and the intervening decisions demonstrate that there was error. And my question to you is whether Petitioner intends to ask permission in Texas now to file a Rule 60B motion because of the change in the law. I don't think the change in the law has any bearing on— Well, excise that from the question. Does he intend to ask permission to file a Rule 60B motion in Texas? No, Your Honor, and the reason for that is if he filed a motion for leave to file a 60B motion in Texas, under the court's existing order, the clerk will administratively docket that motion and sanction him. Well, but— Okay, the district— But that isn't how it's been— Go ahead. I'm sorry. Well, it's been administered, it seems to me. It's essentially a pre-filing order. We have a lot of those in this court as well, where people, in order to file something, have to meet a threshold of potential viability because they'll file, you know, something every week for four years. But when something does appear to have potential, that permission is given, and it seems to me that that, in fact, is what has been happening there. And I will ask opposing counsel whether they would be willing to support such a motion because of the clear legal errors that were committed that we now know were clear legal errors. So I guess the question is, if this were to be held in abeyance for you to try to see if you can file in Texas, is that something that Mr. Powell would pursue? And then you could always come back if that's not accepted there. Your Honor, I don't think that's relevant or appropriate because this court either has — or the district court below either has 2241 jurisdiction or it does not. Well, except any time an Article III judge asks you something and you tell them that's not relevant, they always probably thought it was relevant. So maybe why don't you — why don't you give that a go? It's relevant because if he can get relief in Texas, we're not needed. And so it seems to me that it's at least relevant for that purpose. I mean, the ultimate goal, it seems to me, is getting something for your client and not worrying about where it happens or under what statutory rubric it happens. Well, I have two responses to that, Your Honor. One, if he does file in Texas, there is a chance that he will be sanctioned, and he should not have to file under risk of sanctions. And he —  But after — but after the district court issued its Catch-22 sanction, didn't Powell file a motion for leave to file a Certificate of Appealability to the Fifth Circuit, which the Fifth Circuit granted? So doesn't that show that he can actually seek relief in the sentencing court? No, Your Honor. Well, am I wrong? Did I — did I misstate the facts there? Didn't they grant him a Certificate of Appealability? From the district — you're talking about from the district court's order? Well, it was — I believe you're talking about from the — from the district court's Catch-22 order? Well, but after that happened, he did successfully file something. And you're saying it's impossible for him to file anything. So I'm — I'm pushing back on you on that. And so doesn't that actually show that he can seek relief? I don't think so, Your Honor, because I think filing a Notice of Appealability — I think any court would allow a Certificate of Appealability — a motion for Certificate of Appealability from a court's order. And then the fifth — what the Fifth Circuit did was it then doubled down and said, basically, we are upholding this order, and you may not file. It just narrowed it to collateral attacks only and said — Did he ever pay the sanctions? My understanding is that — and what's in the record is that he — his — it looks like his sister paid or tried to pay the sanctions, and then the court didn't recognize that when he tried to file again, and it said, you haven't paid the sanction. So — Isn't the only thing that's been filed is a First Step Act request, and that was allowed because the Fifth Circuit sanction says that you just can't file anything attacking the validity of your conviction or your sentence? That's correct. He was able to file a First Act motion and, I believe, a Compassionate Release motion. They were kind of garbled in terms of — But he hasn't been allowed to file anything since he was sanctioned $300 by the Fifth Circuit. He hasn't been allowed to file anything that attacks the validity of his conviction or sentence, correct? Correct. That's right. And with respect to the — whether the case should be obeyed, stayed and obeyed to allow him to file something with the Fifth Circuit, not only would he risk sanctions, but there's also the problem that he — the court's — the standard here is not, can he — is he definitely precluded from filing? No. The standard is whether it might be impracticable. And the State doesn't appear to dispute that he might be precluded from filing. The State says, well, we don't concede that he's definitely precluded from filing anything. But it might be impracticable for him to file, certainly because he might be sanctioned. It's certainly impracticable, if not impossible, for him to pay the $300 sanction, which would be — So if we have to find diligence after Holland, Maples, Gonzalez were decided, and Mr. Powell did not file a Rule 60 motion, how do we do that? So Mr. Powell did file multiple Rule 60 motions from the district court's denial of his 2255. And it was, in fact, the repeated filing of the Rule 60b motions that is what led the court to issue its Catch-22 order. And the Catch-22 order is what distinguishes — But we're — you know, I'm talking about the time period after Holland and Maples. So Maples is decided by the Supreme Court on January 18 of 2012. Mr. Powell files his 2241 petition December 18, 2014. Well, that would — Tell me about that time period there and why it would be diligent. Well, that would still be a collateral attack on his conviction. The court didn't say, well, there's an exception where you can file a collateral attack or a 60b motion if the law has changed. He's still — nothing — he's still precluding — precluded from filing. But this isn't about whether you win. It's about whether he can file the 60b. And if he can file the 60b, then he's got to file it in the court where it should be unless it's impracticable. Otherwise, you can't just pick your jurisdiction, right? True, Your Honor, but I think that standard is very important. The district court below has jurisdiction if it is impracticable — if it might, not even is, if it — according to the language of Jones, if it might be impracticable. Here, the State doesn't even dispute that it might be impracticable. Let's hear from the State if you want to save some time. Actually, can I ask one more question, please? Okay. So let's say we assume there's tolling up until the time that Mr. Powell's attorney told him that the Supreme Court had denied his cert petition. There's still more than one year from when Mr. Powell learned that information from his attorney and when he filed his first petition. So help us explain how we would find that there should be tolling during that window that exceeds the one-year time period. So first, I want to point out that diligence only goes to 60b. And under the Supreme Court's decision in Jones, if he — under a 2241 petition, he actually wouldn't have to satisfy 60b because if you're filing under 2241, it's not subject to any of the strictures of 2255. And so I don't think you actually have to get to 60b, particularly because under Jones, it rejected the idea of a substantive legal threshold test to 2241. It's, is the court unavailable? Yes. Therefore, you can file under 2241. I know it seems counterintuitive, but that's what Jones said. However, with respect to the diligence, six months — so he learned that the EDPA clock had expired. Five months later, he filed what he called a motion for writ of error. In that motion, he said, I wanted to file a 2255, but I can't because I'm out of time, and here's what happened. My lawyer didn't tell me that cert was denied. And he kept filing letters to the court saying, but I still want to try to file a 2255. Please, can I have my transcripts? And so that's not all laid out here. But he was diligent — he was diligent in trying to obtain his trial transcripts, which his lawyer did not convey and give to him, even though he requested it.  Absolutely. There was a back and forth where his lawyer said, go to the court. The court said, go to your lawyer. His lawyer said, go to the clerk. The clerk said, I can't give it to you unless you tell me exactly which pages you want. He said, I can't tell you which pages I want. I want all the transcripts. So he was diligent and then ultimately filed it as, as soon as he got the transcripts. Is your question answered? Yes. Thank you. All right. Thank you. I'll give you two minutes for rebuttal. I appreciate it. Thank you. Good morning. Good morning, Your Honors. Terry Criss for the government. May it please the court. This case is squarely controlled by Jones v. Hendricks. Jones stands for the — Counsel, I'm going to ask you — I'm sorry to interrupt again, but time is short. Mr. Powell was right about the law, as we know from Holland and Maples. And he had really not very good legal counsel. So I want to ask you, if he were to go back to Texas and seek to file a Rule 60B motion now, would you be willing to join in or support a motion for permission to file such a motion? No, Your Honor. Our position is that a 60B would be untimely at this point. Changes in the law do not allow you to file a 60B in perpetuity. At some point, the conviction becomes final and the 2255 order becomes final. Otherwise, every time there's a change in the law of a time bar, every petitioner from a 2255 would be able to file a new claim. So this isn't about whether he wins the 60B. It's whether he can file the 60B. So it seems to me you're jumping ahead and saying why he loses on the 60B. Would you be willing to let him file it? Since, in view of Gonzales, you concede that the Western District and the Fifth District were wrong in construing his 60B as 2255 successive petitions. So just let him file. That doesn't mean he wins. We, I mean, you don't, it's like, okay, it just seems that we're trying to, we're trying to figure out this. And your friend on the other side says he can't be anywhere but, you know, it's got to be in Arizona. And you're saying, well, he can't be, you know, we're not going to let him file a 60B and he can't be here. So there have been changes in the law. There have been things that have gone on. And Judge Graber's just saying, would you concede that he could file it and have it litigated? So he's in the right venue. Our position is that a 60B would be procedurally barred. He can attempt to file it and argue that procedural bar isn't in place, but our position is... Set aside the timeliness issue. Would you concede on the merits that Mr. Powell's 60B would not be futile now in light of Gonzales, Holland, and Maples? Set aside any timeliness issue on the merits. On the merits, no, he wouldn't concede that either. He would have to prove that, in fact, the attorney error occurred and that it rose to the level that Holland recognized. But we aren't here to collaterally attack the collateral attack. The question under Jones is whether procedural bars are the reason he isn't able to file his claim in the sentencing court. And Jones holds that procedural bars are not a way to trigger the savings clause. And although the procedural bars in that case are about 2255, it's equally true that a procedural bar to reopen a 2255 through Rule 60B would also not make the remedy inadequate or ineffective under the savings clause. So the reason why I'm discussing procedural bar is because that's what Jones talks about. The reason he can't... Counsel, what about if he can't pay the $400, so it's haven't been paid? Doesn't that mean it's impossible for him to file in the Western District of Texas? No, I'm not convinced that that order is preventing anything here, really. Because what the Fifth Circuit said is he can't challenge his conviction and sentence. What he apparently wants to do is to challenge the 2255 motion, which isn't a violation of the Fifth Circuit's order. He wants to file a 60B not to add new claims, because that would be a success of 2255 in its own right. He apparently wants to file a 2255 to challenge the original dismissal for time bar. That's not an attack on the conviction and sentence. I'm not sure that would even violate the Fifth Circuit's order. Okay. So you concede he's not able to file any motion attacking his conviction or sentence, correct? The validity, based on the Fifth Circuit ruling. That's what the Fifth Circuit ruling says. If he hasn't paid the filing and he doesn't seek prior leave of the court. The order actually says he doesn't have to pay the filing if he seeks leave of the court, which he has to do anyway under the normal... But I guess you're putting us in, it's the catch-22. If you say he can't file in Texas, then don't we say it's impossible and impracticable? If that's what I'm hearing out of your argument, and if that's the case, then you lose. Then he can file here. Well, no. That's the holding in Jones. Jones says that the fact that you weren't able to comply with procedure and file in the sentencing court doesn't give you the right to file a 2241 in the district of confinement. It means you can't file at all. But you have him in a loop, right? You're quoting the Fifth Circuit saying that he could file a motion attacking the validity or conviction of his sentence until the sanction has been paid in full unless he first obtains leave of the district court, right? And in the district court, I'm going to quote it, the court understands that obtaining leave of court requires a filing and that the clerk has been instructed to refuse any further filings. Accordingly, the court suggests that move and obtain a copy of catch-22 written by Joseph Heller. That's the district court's order. Right. But then it was modified by the Fifth Circuit. So the Fifth Circuit order is the one in place now. The Fifth Circuit order says you have to get leave of the district court, and the district court says you're not going to get leave from me, read catch-22 by Joseph Heller. It's you're putting him in this sort of infinite loop. Well, no, because he has filed things in the district court since then. But not attacking his the validity of his conviction or sentence, correct? Correct. But that's not what the Fifth Circuit's order says. The Fifth Circuit was a blanket, don't file anything. If that's what was in place today, he wouldn't be able to file anything. The fact that he was able to file This is what it says. Let me quote from the Fifth Circuit. Powell is prohibited from filing any pleadings in the district court or this court concerning the validity of his conviction or sentence until the sanction has been paid in full unless he first obtains leave of the court in which he seeks to file such challenge. Yes. That's what the Fifth Circuit said. That's not what the district court said, though. So our position is that the district court's order is not fully in effect. What's in effect is the Fifth Circuit's order. But, again, that's not what Jones talks about with the Savings Clause anyway. When Jones talks about whether the remedial vehicle is inadequate or ineffective to test the conviction, it's something more categorical about whether the court even exists. The impractical language in Jones is also very narrow. If you look at footnote two, basically, it's talking about a situation before the highway system existed where it was just really, really difficult to move prisoners from one state to another. Jones questions whether that even matters anymore. Ultimately, the point Jones is making is that almost all challenges have to be brought in the sentencing court, and only in incredibly rare circumstances will we move them to the district of confinement through a 2241. The other problem is even if a 60B were successful, the best he could do is have his original 2255 from 2001 reinstated, which doesn't include any of the claims he wants to bring now anyway. So it's not the case that his inability to file a Rule 60B is the reason he can't file his substantive claims that he's presented on the 2241. So according to your analysis, what is the right answer for this Court? To dismiss for lack of subject matter jurisdiction according to Jones v. Hendricks. Jones v. Hendricks holds that procedural bars do not allow a filing through 2241, and the fact that the Petitioner was unable to comply with the procedural rules means that the case is over. And that apparently, according to Jones, is the result Congress wanted. Congress, through AEDPA, wanted to limit the kinds of cases that could be brought in the district of confinement, and therefore, cases had to be brought in the sentencing court. Here, he's had multiple opportunities to file 2255s, file Rule 60Bs. None of them included the claims he wants to bring now in this 2241 petition, but he did challenge the timeliness ruling from the district court. But if our view, if hypothetically we thought that the reason that is because he can, it's not impossible or impractical for him to file a 60B motion, you think that's wrong? If he could file a 60B motion, then the Savings Clause wouldn't be triggered for that reason as well, because he would have an opportunity to file in the sentencing court. Either he can file in the sentencing court because he can, or he can't file in the district court because he's procedurally barred from doing so. But both of those have the same result here, which is no jurisdiction for the 2241. The final point I'll make is that Jones makes the point that the adequacy of the remedial vehicle is what's at issue, not whether a particular court had the correct decision. This court isn't collaterally attacking, or the petition, rather, is not collaterally attacking whether that time bar ruling was right. This court essentially doesn't look through the time bar ruling. The fact is he was time barred in his 2255. Adding any new claims to that 2255 would be a success of 2255, even if they are clothed in the language of Rule 60B. And a Rule 60B challenging the dismissal of the 2255 would be time barred because he has waited 20 years to file that claim. Just because Holland was decided in 2012 doesn't mean he couldn't have argued that earlier. Claims are unavailable just because the controlling laws against us. Jones makes that point, too, when it overruled this court's previous test about unobstructed procedural shots. So is that why you lose on the merits, or is that why you can't file? That's why his 60B is time barred, and that's why the savings clause doesn't apply because it's not an inadequate or ineffective remedy to test the conviction. Therefore, there's no subject matter jurisdiction, and this court should affirm the district court's dismissal. Thank you. Do either of my colleagues have any questions? No, thank you. Your Honors, the 60B remedy is an exception to finality. It's the opposite of Jones because Congress wanted claims to be adjudicated on the merits as long as the Petitioner followed the rules. This is a challenge to the remedial vehicle because it's whether he can get a motion for leave or a 60B motion into the hands of the district court to read it. And to adjudicate it on the merits. And the district court, the sentencing court, has said, I am not going to read it. I'm instructing the clerk to put it in a folder so I can never see it. I want to clarify just what we're looking for on remand. Our preferred outcome is for the court to say, yes, the custodial court has jurisdiction under 2241. Therefore, according to Jones, there are no restrictions on this petition. I know that seems counterintuitive, but that's what Jones says. Because the court is unavailable, under 2241 we can assert any claims we want. Now, if there is some sort of threshold test that he does have to show that under 60B he would prevail, I don't think that is allowable under Jones. But if that were the case, we would ask the court to find that he does satisfy 60B because the State has really waived any argument otherwise by really relegating its short answer to a footnote, or remand to the district court to decide whether he has satisfied 60B, and in that event decide whether he just has to meet the 60B threshold to then bring a 2241 petition, which I think would be the second right outcome, in which case he can bring any claims because it is 2241 and not actually a 60B motion. Or then the third outcome would be he can only bring 60B claims in the district court. But I think the right outcome, according to Jones, is if the sentencing court is unavailable, which it is here, then 2241 controls, he can bring any claims the district court has jurisdiction. And so we'd ask this court to reverse and rule that the district court below has jurisdiction. Thank you both for your argument. One quick clarifying question. When you mentioned waiver, are you referring to footnote 8 in the government's brief where they don't address Gonzales, Holland, or Maples, and they just make the time bar argument? Or what are you referring to? I apologize that I don't have the brief in front of me, so I can't name the exact footnote. But it's the long footnote near the very end where they say, and by the way, he doesn't have strong grounds to reopen under 60B anyway. The cases they cite, I know there are Alexander and Clark, and it's just kind of That's what I'm referring to. They just address the time bar. They don't address the merits.  And that's what you're saying is a waiver. Yes, I think they've waived that. We briefed it in detail. Thank you. This matter will stand submitted.
judges: GRABER, CALLAHAN, KOH